**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 04 2008

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID C. GANNON,<br><br>          Plaintiff - Appellant,<br><br>     v.<br><br>JOHN E. POTTER, U.S. Postal Service,<br><br>          Defendant - Appellee. | No. 07-15160<br><br>D.C. No. CV-05-02299-SBA<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

Argued and Submitted October 20, 2008
San Francisco, California

Before: BEEZER, BYBEE, and BEA, Circuit Judges.

David Gannon appeals the district court's dismissal of his retaliation claim

and grant of summary judgment on his race discrimination claim in favor of

Defendant/Appellee John Potter, the Postmaster General, United States Postal

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Service ("USPS"). As the parties are familiar with the facts of this case, we will not repeat them here.

Gannon first argues that the district erred by reviewing the Merit System Protections Board decision for abuse of discretion rather than de novo. However, the district court properly evaluated Gannon's race discrimination claim de novo. *See Sloan v. West*, 140 F.3d 1255, 1260 (9th Cir. 1998).

Gannon further argues the district court erred by granting summary judgment in favor of USPS on Gannon's race discrimination claim, specifically by (1) determining that the Notice of Proposed Removal and his voluntary demotion were not adverse employment actions; (2) ruling that Gannon had not presented sufficient evidence of pretex; and (3) not evaluating USPS's liability under a "cat's paw" theory of imputed liability. Even if Gannon had succeeded in establishing an adverse employment action for the purposes of putting forward a prima facie case of race discrimination, the district court properly granted summary judgment in favor of USPS on this claim because Gannon failed to present sufficient evidence of pretext. Gannon did not offer specific and substantial evidence demonstrating why USPS's legitimate and non-discriminatory explanations were unworthy of credence. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1062 (9th Cir. 2002). The district court also did not err in not addressing the possibility of

imputed employer liability based on a biased subordinate employee's actions—the so-called "cat's paw" theory—because Gannon did not demonstrate sufficiently that an employee with animus tainted the investigation and disciplinary process leading to his Notice of Proposed Removal and demotion.

Finally, the district court correctly dismissed Gannon's retaliation claim for failure to exhaust his administrative remedies. A plaintiff first must exhaust his administrative remedies before bringing a Title VII claim in federal court. *Sommatino v. United States*, 255 F.3d 704, 707 (9th Cir. 2001) (citing 42 U.S.C. § 2000e-16(c)). The scope of a Title VII action depends on the scope of the EEOC charge. *Id.* at 708. A federal court therefore may not consider allegations outside the EEOC charge. *See Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 636 (9th Cir. 2002). Gannon filed two EEOC charges, one of which he settled. The charge that was not settled alleged race and gender discrimination and contained allegations surrounding Gannon's Notice of Proposed Dismissal and his subsequent demotion, but the charge did not allege retaliation. When USPS moved to dismiss the retaliation claim, Gannon offered a novel basis for the claim: ADA retaliation in response to his attempt to offer reasonable accommodations to disabled employees. The district court did not err in determining that this theory

was not like or reasonably related to Gannon's EEOC charge and accordingly dismissing the claim.  *See Sommatino*, 255 F.3d at 708.

We therefore AFFIRM.